**FISCHER & PORTER COMPANY,**
**Plaintiff,**

**v.**

**CORNING GLASS WORKS, Defendant.**

**Civ. A. No. 70-2104.**

United States District Court,
E. D. Pennsylvania.

Jan. 3, 1974.

Arthur H. Seidel, Philadelphia, Pa., for Edward C. Gonda, witness.

Thomas M. Ferrill, Jr., Blue Bell, Pa., for defendant.

### MEMORANDUM-ORDER

CLIFFORD SCOTT GREEN, District Judge.

Plaintiff, Fischer and Porter Company, has instituted this action against defendant, Corning Glass Works, for re-

---

covery of unpaid royalties allegedly owing under a patent-license contract.

Defendant, Corning Glass Works, has moved for an order directing Edward C. Gonda to appear on six days' notice to be deposed by defendant and directing him to testify as to the facts of his examination of the application for U.S. Patent No. 2,876,985. In response to the aforesaid motion of defendant, Edward C. Gonda, through his counsel, moves for a protective order under Rule 26(c) of the Federal Rules of Civil Procedure.

For reasons hereinafter set forth, the respective motions of defendant and Edward C. Gonda are in part granted, subject to the requirements enumerated in the order entered.

On October 17, 1973, defendant noticed the taking of the deposition of Edward C. Gonda, Esquire, for October 24, 1973. Said deposition was thereafter rescheduled to October 25, 1973. Mr. Gonda, who was formerly employed as an examiner in the United States Patent Office, had examined the application for patent 2,876,985 which is involved in the present litigation. He is now a practicing patent attorney in a Philadelphia law firm. On October 24, 1973, Arthur H. Seidel, counsel for Mr. Gonda, notified defendant that he would insist that Mr. Gonda not testify in his deposition as to the examination of the application of patent 2,876,985.

The motion of Edward C. Gonda, essentially, seeks to exclude any testimony about his work, as an examiner in the United States Patent Office, involved with the prosecution of the application which issued as Patent No. 2,876,985. Mr. Gonda urges that even though he is no longer an examiner in the United States Patent Office, protection should be given to his work which he rendered as a quasi-judicial public official.

It is clear that a patent examiner may be deposed subject to the requirement that the subject matter of the deposition be restricted to relevant matters of fact and that the deposition avoid any hypothetical or speculative questions or conclusions based thereon. In re Mayewsky, 162 U.S.P.Q. 86 (E.D. Va.1969); Shaffer Tool Works v. Joy Manufacturing Co., 167 U.S.P.Q. 170 (S.D.Tex.1970).

R. V. Lupo, Associate Solicitor for the United States Patent Office, summarizes the present status of the law in an article entitled, "The Impact of In Re Mayewsky: What Should An Examiner Be Allowed To Testify To?", published in the April 1973 Journal of the Patent Office Society at page 216. On page 231 of the aforesaid article, Mr. Lupo indicated that

". . . [t]he courts have ruled that Patent Examiners must give testimony, albeit limited to factual matters within the peculiar knowledge of the Patent Examiner, concerning the prosecution history of the patent applications that he examined."

Since patent examiners are not protected from testifying with respect to factual matters within their knowledge concerning the prosecution history of patent applications, there is no bar to or impropriety in obtaining the testimony of a former patent examiner, such as Edward C. Gonda, with respect to the same matters.

In view of the facts and circumstances of the instant case, Edward C. Gonda may be deposed; however, he may not be used or adopted as an expert witness nor questioned as to his reasons for allowing the patent to issue. The questions to Mr. Gonda must be factual and they must not probe into hypothetical or speculative areas or ask for conclusions based thereon.